# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| James Hall, | ) |
| Plaintiff, | ) |
| | ) Case Number: |
| vs. | ) |
| | ) JURY TRIAL DEMANDED |
| Home Depot USA, Inc., | ) |
| Defendant. | ) |

## COMPLAINT

COMES NOW the Plaintiff, James Hall, by and through his attorneys of record, Jason Iezzi, Jeffrey J. Carey, and Robert Sauls, and for his complaint states and alleges as follows:

## PARTIES

1. The Plaintiff, James Hall, is an adult resident citizen of the City of Odessa, County of Lafayette, State of Missouri.

2. The Defendant, Home Depot USA, Inc., is a Georgia corporation doing business in the State of Missouri at 4210 S. Lee's Summit Rd., Independence, Missouri. The agent for service of process is CSC – Lawyers Incorp. Service Co., 221 Bolivar Street, Jefferson City, MO 65101.

3. James Hall ("Plaintiff") was employed by Home Depot.

4. Plaintiff is an employee within the meaning of the Age Discrimination in Employment Act, Americans With Disabilities Act, and Missouri Workers' Compensation Act.

5. Home Depot is an employer within the meaning of the Age Discrimination in Employment Act, Americans With Disabilities Act, and Missouri Workers' Compensation Act.

## JURISDICTION AND VENUE

6. This Court has jurisdiction pursuant to 28 USC § 1331 and 28 USC § 1343 and this action is brought pursuant to the Age Discrimination in Employment Act, Title I of the Americans with Disabilities Act, and the Missouri Workers' Compensation Act.

7. This Court may assert pendent jurisdiction over Plaintiff's state law claims.

8. This Court has diversity jurisdiction as the parties are from different states and there is an amount in excess of $75,000 in controversy.

9. Venue is appropriate as the causes of action enumerated herein accrued in the County of Jackson, State of Missouri.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

10. James Hall ("Plaintiff") was hired by the Defendant on June 16, 1997, as a forklift operator in the receiving department.

11. Defendant Home Depot USA, Inc. ("Defendant" or "Home Depot"), is a foreign corporation selling goods in Missouri.

12. Plaintiff was given satisfactory or exemplary employment evaluations during the entire time of his employment by Home Depot.

13. Plaintiff worked at the same Home Depot location from the time it opened until he was terminated.

14. During the time Plaintiff worked at his Home Depot location, Defendant repeatedly and knowingly terminated experienced employees over the age of 40 in favor of younger or cheaper labor.

15. At the time of his termination, Plaintiff was 61 years old.

16. At the time of his termination, Plaintiff was one of the oldest full-time employees at his store and he was the longest-tenured employee at the store.

17. At the time of his termination, Plaintiff was performing work despite having recently undergone surgery for a work-related injury.

18. At the time of his termination, Plaintiff was working under medical restrictions imposed by his physician.

19. Plaintiff underwent surgery on his left wrist on October 2, 2019.

20. Plaintiff's physician imposed a 2-pound lifting restriction for the left arm initially, and then increased the restriction to 10 pounds.

21. Plaintiff was under a 10-pound lifting restriction at the time of his termination.

22. At the time of his termination, surgery had been recommended and scheduled for his right wrist.

23. Plaintiff requested reasonable accommodation of his inability to lift more than 10 pounds.

24. Home Depot refused to accommodate his temporary weightlifting restrictions.

25. Home Depot accommodated other similarly situated employees.

26. Instead of accommodating Plaintiff, Home Depot harassed him about his physical condition.

27. Plaintiff's employment was terminated by Home Depot on November 13, 2019.

28. Plaintiff, despite repeated attempts, has been unable to find substitute employment.

29. Plaintiff was denied benefits that were available to him as an injured employee.

30. Plaintiff has further been denied access to certain benefits to which he was entitled under Defendant's employee benefit plan.

31. Plaintiff timely filed a written complaint of discrimination with the Equal Employment Opportunity Commission and received a right-to-sue letter on August 14, 2020.

32. All conditions precedent to the institution of this lawsuit have been fulfilled.

## COUNT I-AGE DISCRIMINATION

33. Plaintiff incorporates by reference the allegations made in Paragraphs 1-32 above as if more fully set forth herein.

34. Plaintiff is an employee within the meaning of the Age Discrimination in Employment Act of 1967.

35. Defendant is an employer within the meaning of the Age Discrimination in Employment Act of 1967.

36. Plaintiff was a member of a protected class due to his age pursuant to the Age Discrimination in Employment Act of 1967 (29 U.S.C.A. §§ 626, *et seq.*).

37. Plaintiff was terminated due to status as a person over the age of 40.

38. Defendant failed to provide Plaintiff with the same or similar accommodation granted to younger employees with the same disability.

39. Defendant's termination of Plaintiff was arbitrary, unreasonably discriminatory, and retaliatory, all in violation of the Age Discrimination in Employment Act of 1967.

40. Defendant exhibited ill will, malice, improper motive, and indifference to Plaintiff's civil rights by terminating him and denying him pay and benefits while injured.

41. Plaintiff, as a result of the actions of Defendant, has suffered lost wages, lost benefits, mental anxiety and stress in the form of outrage, shock, and humiliation, and other damages which he will show at a trial of this cause of action.

42. Plaintiff is entitled to back pay and front pay as a result of the actions of Defendant.

43. Plaintiff is entitled to reinstatement to his former position with Defendant but the relationship between Plaintiff and Defendant has deteriorated to the point where reinstatement is not a viable remedy.

WHEREFORE, the Plaintiff, James Hall, respectfully prays that judgment be entered in his favor for all relief afforded to him under the Age Discrimination in Employment Act including, but not limited to, compensatory damages in an amount to be determined by this Court, for punitive damages in an amount to be determined by this Court and sufficient to punish this defendant and deter similar conduct in the future, for back pay in an amount to be determined by this Court, for front pay in an amount to be determined by this Court, for reasonable attorney's fees and all costs of this litigation, and for such

other and further relief as the Court deems just and proper against the Defendant, Home Depot USA, Inc.

## COUNT II-DISABILITY DISCRIMINATION

44. Plaintiff incorporates by reference the allegations made in Paragraphs 1-43 above as if more fully set forth herein.

45. Plaintiff was an employee and is an individual pursuant to Title I of the Americans with Disabilities Act.

46. Defendant is an employer pursuant to Title I of the Americans with Disabilities Act. (42 U.S.C.A. §§ 12101, *et seq.*)

47. Plaintiff was a member of a protected class due to his disability pursuant to the ADA.

48. Plaintiff had a physical impairment—the inability to lift more than 10 pounds—that substantially limited one or more of his major life activities.

49. Plaintiff has a record of his impairment from his treating physician.

50. Plaintiff was regarded as having said impairment.

51. Plaintiff was terminated due to his status as a disabled person under the ADA.

52. Defendant failed to reasonably accommodate Plaintiff's disability.

53. Defendant's policy of refusing to reasonably accommodate otherwise qualified employees with disabilities has a disparate impact on disabled individuals.

54. Defendant's termination of Plaintiff was arbitrary, unreasonably discriminatory, and retaliatory, all in violation of Title I of the ADA.

55. Defendant exhibited ill will, malice, improper motive, and indifference to Plaintiff's civil rights by terminating his employment and refusing to reasonably accommodate his disability.

56. Plaintiff, as a result Defendant's actions, has suffered lost wages, lost benefits, mental anxiety and stress in the form of outrage, shock, and humiliation, and other damages which he will show at a trial of this cause of action.

57. Plaintiff is entitled to back pay and front pay as a result of the actions of Defendant.

58. Plaintiff is entitled to reinstatement to his former position with Defendant but the relationship between Plaintiff and Defendant has deteriorated to the point where reinstatement is not a viable remedy.

WHEREFORE, the Plaintiff, James Hall, respectfully prays that judgment be entered in his favor for all relief afforded to him under Title I of the Americans With Disabilities Act including, but not limited to, compensatory damages in an amount to be determined by this Court, for punitive damages in an amount to be determined by this Court and sufficient to punish this defendant and deter similar conduct in the future, for back pay in an amount to be determined by this Court, for front pay in an amount to be determined by this Court, for reasonable attorney's fees and all costs of this litigation, and for such other and further relief as the Court deems just and proper against the Defendant, Home Depot USA, Inc.

**COUNT III—WORKERS' COMPENSATION DISCRIMINATION**

59. Plaintiff incorporates by reference the allegations made in Paragraphs 1-62 above as if more fully set forth herein.

60. Plaintiff was an employee, and Defendant was an employer, as defined by the Missouri Workers' Compensation Act. (MO. REV. STAT. §§ 287.010 et seq.)

61. The Missouri Workers' Compensation Act provides that: "No employer or agent shall discharge or discriminate against any employee for exercising any of his or her rights under this chapter when the exercising of such rights is the motivating factor in the discharge or discrimination." (MO. REV. STAT. § 287.780).

62. Plaintiff worked for Defendant for over 20 years without a reprimand or poor performance review.

63. Plaintiff alleged that, in July of 2019, he sustained injuries to both wrists as a result of his work for Defendant.

64. After Plaintiff asserted his workers' compensation rights, he was harassed at work.

65. Defendant refused to accommodate his work-related disability.

66. While Plaintiff was recuperating from his work-related injury, Defendant terminated him.

67. Defendant's treatment and termination of Plaintiff was motivated by his decision to exercise his workers' compensation rights, in violation of the Missouri Workers' Compensation Act.

68. Defendant's termination of Plaintiff was arbitrary, unreasonably discriminatory, and retaliatory, all in violation of the Workers' Compensation Act.

69. Defendant exhibited ill will, malice, improper motive, and indifference to Plaintiffs civil rights by terminating his employment and refusing to reasonably accommodate his disability.

70. Plaintiff, as a result Defendant's actions, has suffered lost wages, lost benefits, mental anxiety and stress in the form of outrage, shock, and humiliation, and other damages which he will show at a trial of this cause of action.

71. Plaintiff is entitled to back pay and front pay as a result of the actions of Defendant.

WHEREFORE, the Plaintiff, James Hall, respectfully prays that judgment be entered in his favor for all relief afforded to him under the Missouri Workers' Compensation Act and Missouri law including, but not limited to, compensatory damages in an amount to be determined by this Court, for punitive damages in an amount to be determined by this Court and sufficient to punish this defendant and deter similar conduct in the future, for back pay in an amount to be determined by this Court, for front pay in an amount to be determined by this Court, for reasonable attorney's fees and all costs of this litigation, and for such other and further relief as the Court deems just and proper against the Defendant, Home Depot USA, Inc.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands trial by jury on all issues so triable.

Respectfully Submitted,

**Boyd, Kenter, Thomas & Parrish LLC**

/s/ Jeffrey Carey
Jeffrey J. Carey        Mo. Bar No. 46156
229 SE Douglas Street, Suite 210
Lee's Summit, MO 64063
Phone:  (816) 246-9445
Fax:  (816) 246-8006
E-mail:  jcarey@bktplaw.com

**Boyd, Kenter, Thomas & Parrish LLC**
Jason Iezzi              Bar # 65329
Robert Sauls          Bar # 61466
221 W. Lexington Ave., Ste. 200
Independence, MO 64050
(816) 471-4511 – Office
(816) 471-8450 – Fax
jcarey@bktlaw.com
*Attorneys for Plaintiff*